Josephine E. Salmon (SBN 020630)
jsalmon@aldridgepite.com
Janet M. Spears (SBN 023833)
jspears@aldridgepite.com
**ALDRIDGE | PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for: U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT and its loan servicer Rushmore Loan Management Services, LLC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>TADEUSZ J ZWOLINSKI,<br><br>Debtor(s). | Chapter 11<br><br>Case No. 2:19-bk-14304-BKM<br><br>**STIPULATION RE TREATMENT OF CREDITOR'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**SUBJECT PROPERTY:**<br>15308 East Dale Lane,<br>Scottsdale, Arizona 85262 |

This Stipulation is entered into by and between U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("Creditor"), by and through its authorized loan servicer, Rushmore Loan Management Services, LLC ("Rushmore"), by and through its attorneys of record, and Debtor, TADEUSZ J ZWOLINSKI ("Debtor"), by his attorney of record.

The property which is the subject of this matter is described as 15308 East Dale Lane,

Scottsdale, Arizona 85262 (the "Property").

**RECITALS:**

    A.    On November 28, 2007, Debtor executed a promissory note in the principal sum of $812,000.00 (the "Note"). The Note reflects a special indorsement to Creditor. (*See* Claim No. 2-1).

    B.    The Note is secured by a recorded Deed of Trust (the "Deed of Trust") encumbering the Property.[1] The Deed of Trust reflects it was duly recorded. (*See* Claim No. 2-1).

    C.    On November 29, 2007, Debtor recorded a Joint Tenancy Deed conveying an interest in the Property to Judy Titus. (*See* Claim No. 2-1).

    D.    Subsequently, interest in the Subject Loan was assigned to Creditor. (*See* Claim No. 2-1).

    E.    On June 9, 2011, Debtor filed a prior bankruptcy case under Chapter 13 of the Bankruptcy Code and was assigned case number 2:11-bk-16768-MCW (the "First Case").

    F.    On July 17, 2012, the Court entered an Order Dismissing the First Case.

    G.    On July 4, 2012, Judy Titus filed a prior bankruptcy case under Chapter 11 of the Bankruptcy Code and assigned Case No. 12-14990 (the "Second Case").

    H.    The Court entered an Order Confirming the Chapter 11 Plan ("First Plan") in the Second Case and Order Approving a Stipulation Re Plan Treatment (the "First Stipulation"). The Confirmed Plan and First Stipulation provided for a fully secured claim of $897,858.05 amortized over thirty (30) years at 1.12% interest per annum with monthly principal and interest payments of $2,937.63, plus escrow payments for taxes and hazard insurance, commencing October 1, 2015 and continuing until October 1, 2045. (*See* Claim No. 2-1).

    I.    The Debtor defaulted under the terms of the First Plan and First Stipulation. (*See* Claim No. 2-1).

    J.    On November 9, 2019, Debtor commenced the instant third bankruptcy case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code and was assigned case number 2:19-bk-14304-BKM (the "Bankruptcy Case). Debtor listed the Property as his principal residence on his

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan."

Bankruptcy petition. (*See* Dkt. No. 1). Subsequently, the Court converted the Debtor's Bankruptcy Case to a Chapter 11.

K.  On January 15, 2020, Creditor filed its Proof of Claim listing a secured claim of $964,735.92, including pre-petition arrears of $172,829.15. (*See* Claim No. 2-1). The Claim lists a post-petition payment of $3,572.51, which includes an escrow impound for taxes and insurance.

L.  On April 6, 2021, Debtor filed a proposed Chapter 11 Disclosure Statement and Chapter 11 Plan ("Plan"). (*See* Docket No. 99-100).

M.  On April 14, 2021, Creditor filed its Objection to Confirmation of the Plan. (*See* Docket No. 117).

**THE PARTIES STIPULATE AS FOLLOWS:**

1. Creditor shall have a secured claim in the amount of $ **$799,250.00** [2] (the "Secured Claim") amortized over **480** months at **3.50%** fixed interest per annum in the Debtor's Chapter 11 Plan.

2. Debtor shall tender monthly principal and interest payments ("Principal and Interest Payments") in the sum of **$3,096.22** to Creditor for the Secured Claim commencing **August 1, 2021**, and continuing on the same day of each month thereafter until the maturity date, **July 1, 2061**, at which time the Secured Claim shall be paid in full.

3. In addition to the Principal and Interest Payments, Debtor shall tender monthly escrow payments ("Escrow Payment")[3] to Creditor for real property taxes and hazard insurance. Escrow Payments shall commence **August 1, 2021**, and continue each month thereafter. The amount of the monthly Escrow Payment is subject to change pursuant to the terms of the Subject Loan documents. The Debtor understands that the Subject Loan is escrowed. Debtor must obtain Creditor's express written consent if he wishes to de-escrow the account.

4. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

---

[2] Secured Claim consists of approximate total debt of $975,437.26, including interest-bearing principal of $799,250.00, less waived interest of $176,187.26. Debtor assumes all tax consequences associated with said waiver of debt.

[3] Estimated escrow payment is $401.44 and is subject to periodic adjustments.

5. In the event the Debtor defaults on any of the provisions contained in this Stipulation <u>prior to confirmation of the Plan</u>, Creditor shall provide the Debtor and the Debtor's counsel with written notice of said default via first class mail ("<u>Default Notice</u>"). In the event the Debtor fails to cure the default amount after the passage of fourteen (14) calendar days from the date of service of the Notice of Default, the automatic stay of 11 U.S.C. § 362 shall terminate without further notice or order of the Court. Thereafter, Creditor may proceed with default remedies under applicable state law including foreclosure. The default procedures contained in this paragraph shall only be required prior to confirmation of the Plan. The automatic stay of 11 U.S.C. § 362 shall terminate upon confirmation of the Plan. In the event the Debtor defaults on any of the above provisions <u>after confirmation of the Plan</u>, Creditor shall proceed with default remedies under the loan documents and pursuant to applicable state law.

6. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

7. The terms of this Stipulation are contingent upon the substantial consummation of the Debtor's confirmed Plan. The terms of this Stipulation shall be incorporated into any Amended Plan and/or the Order of Confirmation and attached as an exhibit. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtor's Plan, the terms of this Stipulation shall control the treatment of Creditor's claim.

8. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Stipulation shall be void and Creditor shall retain its lien in the full amount due under the Note.

9. In the event the Debtor seeks to sell the Property prior to receipt of a discharge, the parties shall retain all rights under 11 U.S.C. §363.

10. Creditor shall not be required to release the loan from bankruptcy status and/or resume regular monthly statements until entry of a final decree and the close of the Debtor's Chapter 11 case.

11. In the event the Debtor asserts that Creditor has failed to properly update its internal

system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days, the Debtor shall be required to provide written notice of the alleged lack of compliance to Creditor and Creditor's counsel of record, Aldridge Pite, LLP at 4375 Jutland Drive, Suite 200, San Diego, CA 92117, indicating the nature of the alleged lack of compliance. If Creditor fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtor's allegation after the passage of ninety (90) days from the date Creditor receives said written notice (the "<u>Meet and Confer Period</u>") the Debtor may proceed with filing the appropriate motion in bankruptcy court seeking Creditor's compliance.

12. Except as expressly provided herein, Debtor waives any and all claims, causes of action, whether known or unknown, it currently has against Creditor and its respective agents, servicers, parents, affiliates, subsidiaries, attorneys, predecessors, current or subsequent holders of the Loan, successors and assigns in relation to the Loan references herein and any and all agreements which exist between them regarding or related to the Loan prior to the date of this Stipulation. The above waiver includes any waiver of Debtor's right to object to the validity or amount of the filed Proof of Claim.

13. Creditor hereby withdraws its Objection to the Plan. Creditor agrees to vote in favor of the Plan for the Secured Claim provided the Plan fully incorporates the terms of the Stipulation and the Debtor is incompliance with this Stipulation as of the ballot deadline.

**IT IS SO STIPULATED:**

**JAMES PORTMAN WEBSTER LAW OFFICE**

Dated: 7/8/2021  /s/ James Webster (<u>with authorization)</u>
JAMES WEBSTER
Attorneys for Debtor

**ALDRIDGE PITE, LLP**

Dated: 7/8/2021  <u>/s/Janet M. Spears</u>
Janet M. Spears (SBN 023833)
Attorneys for Creditor